# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CRETE CARRIER CORPORATION** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **TIN INC., individually and dba International** ) <br> **Paper Company and dba Temple-Inland;** ) <br> **INTERNATIONAL PAPER COMPANY** ) <br> **individually and dba Xpedx and dba Saalfeld** ) <br> **Redistribution; HOOD CONTAINER** ) <br> **CORPORATION; HOOD INDUSTRIES, INC.** ) <br> ) <br> **Defendants.** ) | Case No. 3:13cv01228 <br> **Jury Demand** |

## ] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)(b), the Parties hereby submit this Initial Case Management Order.

### I. Jurisdiction and Venue.

The instant action was filed by the Plaintiff on October 7, 2013, in the Circuit Court of Humphreys County, Tennessee, Case No. 10194. On November 7, 2013, the case was removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The propriety of jurisdiction and venue is not disputed.

### II. Theories of the Plaintiff and Defendant

#### A. Theory of Plaintiff.

Plaintiff, as the self-insured workers compensation carrier for George Farney, paid workers compensation benefits arising from a slip and fall in a facility owned and/or controlled by Defendants, and -- as a consequence -- brings this subrogation action for damages.

B.     **Theory of Defendants.**

Defendants International Paper and TIN deny liability and assert all defenses set forth in their Answer filed on November 25, 2013 (Docket Entry No. 5).

C.     **Issues in the Case.**

The parties have agreed that Defendants Hood Container Corporation and Hood Industries, Inc., should be dismissed from this matter without prejudice.
The parties will submit an appropriate Order.

In addition, the Plaintiff and the remaining Defendants International Paper and TIN hereby consent to have the Magistrate Judge conduct all further proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Rule 73(b), Fed. R. Civ. P., and the appropriate Consent Form will be submitted to the Clerk.

All substantive issues remain unresolved.

**III.     Schedule of Pretrial Proceedings.**

A.     **Mandatory Rule 26 Disclosures.**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

B.     **Pre-Trial Deadlines.**

The following constitutes the initial pre-trial/discovery plan of the parties.

1.     <u>Pleadings and Amendments Thereto</u>.  Any motion to amend the pleadings or join parties shall be filed no later than **October 31, 2014**.
.
.

2.     <u>Factual Discovery</u>.  All written discovery (including requests for admission) and all depositions of fact witnesses, shall be completed no later than **January 30, 2015**.

.

.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

.

.

.

The parties anticipate that they will reach agreement on how to conduct electronic discovery. In the absence of such agreement, the default standard contained in Administrative Order No. 174 will apply to this case.

3. <u>Discovery Motions</u>. No motions pertaining to fact discovery matters shall be filed after **February 27, 2015**.

4. <u>Expert Declarations</u>. Plaintiff shall declare to the Defendant (and <u>not</u> file with the Court) its expert(s), if any, no later than **January 30, 2015**. Defendant shall declare to the Plaintiff (and <u>not</u> file with the Court) his expert(s), if any, no later than **February 27, 2015**. Such disclosures shall be made in accordance with Rule 26(a)(2), Fed. R. Civ. P., and no expert shall testify beyond the scope of his or her disclosure statement. No expert disclosure statement shall be supplemented after the applicable disclosure deadline, absent leave of Court.

5. <u>Expert Discovery</u>. All expert discovery shall be completed no later than **May 29, 2015**.

6. <u>Dispositive Motions</u>. All dispositive motions shall be filed on or before **June 30, 2015**, and any responses thereto shall be filed thirty (30) days from the date of filing such dispositive motions. No
memorandum in support of or in opposition to any motion shall exceed twenty-five (25) pages,

absent leave of Court.  Reply statements and briefs as permitted by Local Rule 56.01(d), shall be filed fourteen (14) days from the date of filing of the non-movant's response.

7. _____

_____

8. _____

_____

.

.

.

9. <u>Trial</u>.  This action will be set for a jury trial by separate Order.  The trial is set for December 8, 2015.

10. _____

_____.

It is so **ORDERED**.

Enter this the _____ day of January, 2014.

_____
**E. CLIFTON KNOWLES,**
**MAGISTRATE JUDGE**